**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS WELFARE FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS SAVINGS FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS APPRENTICESHIP )
FUND, TRUSTEES OF THE CHICAGO )
PAINTERS AND DECORATORS )   No. 20-cv-5843
SCHOLARSHIP FUND, AND TRUSTEES OF )
THE CHICAGO PAINTERS AND )
DECORATORS JOINT COOPERATION )
TRUST FUND, )
)
         Plaintiffs, )
)
)
)
   v. )
)
LEGEND CONSTRUCTION SERVICES, INC., )
an Illinois corporation. )
)
        Defendant. )

**<u>COMPLAINT</u>**

    Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS
APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND
DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D.

Schwartz, James R. Anderson, Paul M. Egan, Brian C. James and Grant R. Piechocinski and ARNOLD AND KADJAN, LLP, complain against Defendant LEGEND CONSTRUCTION SERVICES, INC., an Illinois corporation, as follows:

## Jurisdiction and Venue

1.     Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331, the National Labor Relations Act, and federal common law.

2.     The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3.     The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6.      Defendant LEGEND CONSTRUCTION SERVICES, INC. ("LEGEND"), a dissolved Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about May 2, 2014, whereby LEGEND agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

### The Agreements

7.      Pursuant to the provisions of the Labor Agreement, LEGEND is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, LEGEND is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreement to which it is bound, LEGEND is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not LEGEND is in compliance with its obligation to contribute to the Funds.  In addition, the Labor Agreement and the Trust Agreements require LEGEND to

pay liquidated damages, interest, auditors' fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

12.     Upon information and belief, Plaintiffs are advised that LEGEND has breached the provisions of the Labor Agreement and Trust Agreement by paying some but failing to pay certain the contributions owed to the Funds for the audit period of October 1, 2018 through the present.

13.     Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from LEGEND.

14.     LEGEND is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

15.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i)     interest on the unpaid contributions; or

(ii)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.     This Court order LEGEND to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of October 1, 2018 through the present.

B.    That judgment be entered in favor of Plaintiffs and against Defendant LEGEND in the amount shown to be due on the above audit.

C.    This Court enjoin LEGEND from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and LEGEND be ordered to resume making those payments.

D.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated   damages owed   in this action, including those based   on tardily submitted   reports   in the amount of   up to 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By:   /s/ James R. Anderson
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
PAUL M. EGAN
BRIAN C. JAMES
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415